**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| *In re MicroStrategy Incorporated d/b/a Strategy Shareholder Derivative Litigation* | Case No. 1:25-cv-01040-AJT-WEF (Lead Case) |

**STIPULATION AND [PROPOSED] ORDER OF VOLUNTARY DISMISSAL**
**WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(2) AND 23.1(c)**

Pursuant to Federal Rules of Civil Procedure 41(a)(2) and 23.1(c), plaintiffs Abhey Parmar and Zhenqiu Chen (collectively "Plaintiffs"), nominal defendant Strategy Inc ("Strategy"), and defendants Michael J. Saylor, Phong Le, Andrew Kang, Brian P. Brooks, Jane A. Dietze, Jarrod M. Patten, Stephen X. Graham, Carl J. Rickertsen, Gregg J. Winiarski, and Leslie J. Rechan (collectively, and with Strategy, "Defendants," and with Plaintiffs, the "Parties"), hereby stipulate that this action (the "Action") be dismissed without prejudice as to all claims and causes of action, with each party bearing that party's own attorneys' fees and costs. In support of this stipulation, the Parties state as follows:

WHEREAS, on June 19, 2025, Plaintiff Parmar filed a verified shareholder derivative complaint on behalf of Strategy in this Court against the Individual Defendants (excepting Defendants Brooks, Dietze, and Winiarski) alleging causes of action for breach of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets, and against Defendants Saylor, Kang, and Le for contribution under Sections 10(b) and 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), captioned *Parmar v. Saylor et al.*, Case No. 1:25-cv-01040-AJT-WBP (E.D. Va.) (the "*Parmar* Action");

WHEREAS, on June 25, 2025, Plaintiff Chen filed a verified shareholder derivative

So Ordered

Anthony J. Trenga 09/10/2025
Senior U.S. District Judge

complaint on behalf of Strategy in this Court against the Individual Defendants alleging causes of action for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, and waste of corporate assets, and against Defendant Saylor, Kang, and Le for contribution under Sections 10(b) and 21D of the Exchange Act, captioned *Chen v. Saylor et al.*, Case No. 1:25-cv-01066-AJT-WBP (E.D. Va.) (the "*Chen* Action");

WHEREAS, the complaints in both the *Parmar* Action and the *Chen* Action incorporated allegations from a related securities class action captioned *Hamza v. MicroStrategy Incorporated d/b/a Strategy et al.*, Case No 1:25-cv-00861-AJT-WEF (E.D. Va.) (the "*Hamza* Action");

WHEREAS, on August 29, 2025, the Court dismissed the *Hamza* Action pursuant to the parties' stipulation of dismissal with prejudice;

WHEREAS, Defendants have not answered, moved to dismiss, or otherwise responded to any complaint in this Action nor moved for summary judgment, and dismissal under Federal Rule of Civil Procedure 41(a)(2) is therefore appropriate;

WHEREAS, the Parties submit that notice to Strategy shareholders of this stipulation of voluntary dismissal is not required under Federal Rule of Civil Procedure 23.1(c) because: (i) there has been no settlement or compromise of this Action; (ii) there has been no collusion among the Parties; (iii) no compensation in any form has passed directly or indirectly from any of the Defendants to the Plaintiffs or Plaintiffs' attorneys, and no promise to give any such compensation has been made; (iv) the voluntary dismissal is made without prejudice and therefore will not have any preclusive effect on any other action or Strategy shareholder to pursue claims; and (v) Defendants will not suffer any prejudice as they do not oppose this voluntary dismissal; and

WHEREAS, the Parties agree that each party will bear its own attorney's fees and costs.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs

and Defendants, by their undersigned counsel, subject to the approval of the Court, that:

1. The Action is DISMISSED without prejudice;

2. Plaintiffs and Defendants shall bear their own attorneys' fees, costs, and expenses in relation to the Action; and

3. For the reasons stated above, no notice of the dismissal is required under Federal Rule of Civil Procedure 23.1(c).

**IT IS SO STIPULATED.**

DATED: September 9, 2025

Respectfully submitted,

**SPIRO & BROWNE, PLC**

*/s/ David G. Browne*
David G. Browne (VSB No. 65306)
2400 Old Brick Road
Glen Allen, VA 23060
Telephone: (804) 573-9220
Email: dbrowne@sblawva.com

*Local Counsel for Plaintiffs*

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Counsel for Plaintiff Abhey Parmar and Co-Lead Counsel*

**RIGRODSKY LAW, P.A.**
Seth D. Rigrodsky
Vincent A. Licata
Leah B. Wihtelin
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sdr@rl-legal.com

Email: vl@rl-legal.com
Email: lw@rl-legal.com

*Counsel for Plaintiff Zhenqiu Chen and Co-Lead Counsel*

**GRABAR LAW OFFICE**
Joshua H. Grabar
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 507-6085
Email: jgrabar@grabarlaw.com

*Additional Counsel for Plaintiff Zhenqiu Chen*

DATED: September 9, 2025

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Jason J. Mendro*
Jason J. Mendro (*pro hac vice*)
Lissa M. Percopo (*pro hac vice*)
Michael R. Dziuban (VSB No. 89136)
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: (202) 887-3726
Email: jmendro@gibsondunn.com
Email: lpercopo@gibsondunn.com
Email: mdziuban@gibsondunn.com

*Counsel for Defendants and Nominal Defendant*